UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA A. BITONTI,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No.
08-CV-12316

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that plaintiff's motion be denied and defendant's motion be granted. Plaintiff has filed objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

In reviewing a denial of social security disability insurance benefits or supplemental security income, the court's role is limited under 42 U.S.C. § 405(g) to determining whether defendant's decision is supported by substantial evidence. In making this determination, the court does not review the matter *de novo*, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the court might have decided

the case differently in the first instance.

In the present case, plaintiff claims she is unable to work because she has had sensory seizures since undergoing brain surgery, right leg and ankle weakness, arteriovenous malformation (AVM) in her brain, toe drop, foot drop, and difficulties with memory, concentration and balance (Tr. 117, 428, 430, 441). The ALJ found that plaintiff has a "history of benign meningioma status post craniotomy; arteriovenous malformation (AVM); sensory seizures; right foot drop and obesity" (Tr. 58). He also found that plaintiff is unable to perform her past work as a photo frame sales person and paraprofessional, but that she has the residual functional capacity ("RFC") to perform a limited range of unskilled, sedentary work (Tr. 62). Specifically, the ALJ found that plaintiff could work as "a surveillance monitor, information clerk and cashier II," and that 4,500 such jobs exist in the local economy (Tr. 62).

In her R&R, Magistrate Judge Majzoub concludes that the ALJ's decision is supported by substantial evidence. She suggests that the ALJ properly weighed the medical evidence and hearing testimony, and reached a reasonable conclusion regarding plaintiff's medical impairments, her credibility, her RFC, and the availability of jobs, other than plaintiff's past jobs, which plaintiff could perform.

Plaintiff makes four objections, none of which is persuasive. First, plaintiff argues the ALJ's determination that she can perform a limited range of sedentary work (1) "improperly considered and almost wholly adopted the January 20, 2005 findings of a 'State Agency Medical Consultant' that performed a record review of evidence"; and (2) "contradicts the statements provided by the treating physicians and diagnostic testing which indicated a residual functional capacity which is an inability to work in any capacity." Pl.'s Obj. at 1-2.

The court overrules this objection because the ALJ's RFC determination did not simply adopt the DDS physician's assessment and it is not contradicted by plaintiff's treating physicians. As is apparent from a review of the relevant sections of her decision (Tr. 58-61), the ALJ based her assessment of plaintiff's RFC on a careful review of the medical evidence and plaintiff's testimony. There is nothing improper about an ALJ considering a medical report merely because it was prepared by a DDS physician.

Nor does a review of the record support the assertion that the ALJ's assessment of plaintiff's RFC is contradicted by views expressed by plaintiff's treating physicians. Plaintiff cites to pages 10, 13, 19, 22, 41, 278, 406, and 409-10 of the transcript. Of these eight medical records, five (Tr. 10, 13, 19, 22, 41) were submitted after the ALJ issued her decision. These five are not part of the record because they were not reviewed by the ALJ or the Appeals Council, *see* Tr. 5, and the court may not consider them.[1] Nor has plaintiff requested that the case be remanded so that

---

[1] Additionally, these five reports would have little, if any, relevance even if they were part of the record because they either post-date September 30, 2005, when plaintiff's insured status expired, are cumulative of information already contained elsewhere in the file or, in one instance, relate to a medical condition plaintiff did not mention at her administrative hearing. Dr. Barker's May 13, 2008, letter (Tr. 10) diagnosed the same conditions as were found by the ALJ; his opinion that plaintiff "is permanently disabled" post-dates September 30, 2005, by more than two and one-half years and is not explained. The January 19, 2005, MRI report of plaintiff's spine (Tr. 13) shows a "[s]mall central disc protrusion" and "[m]ild disc bulges" in plaintiff's lumbar spine; but back pain is not part of plaintiff disability claim. Dr. Frankowski's August 24, 2004, prescription note (Tr. 19) that "[p]atient [is] to continue off work due to continued [right lower extremity] focal seizures [and] [m]edications being adjusted to gain control" does not say how long plaintiff was off work, nor does it provide new information about plaintiff's medical condition. The November 9, 2005, St. Joseph's Healthcare form (Tr. 22) post-dates September 30, 2005, and does not appear to provide any new medical information. And Dr. Sharma's June 4, 2007, prescription note (Tr. 41) that plaintiff "needs to elevate her leg due to pain and swelling" and that she "has difficulty walking on uneven surfaces due to her weakness and pain and is a high risk of fall" post-dates September 30, 2005, and adds nothing to plaintiff's hearing testimony, which the ALJ credited as to this impairment.

defendant may consider this or any other new evidence. The other three reports (Tr. 278, 406, 409-10) are part of the record, but plaintiff does not explain how they "contradict" the ALJ's RFC assessment, and no such contradiction is apparent.[2]

Plaintiff's second objection is that the R&R "incorrectly upheld the Administration's Decision which was not supported by substantial evidence and did not give the appropriate weight or authority to the objective medical evidence and treating physician opinions." Pl.'s Obj. at 2. A general objection such as this is not "specific" as required by Fed. R. Civ. P. 72(b)(2). As the court of appeals has held, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 Fed.Appx. 354, 356 (6th Cir. 2001). *Accord Fields v. Lapeer 71-A District Court Clerk*, 2 Fed.Appx. 481, 483 (6th Cir. 2001); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). Especially given the lack of any argument or citation to the record,[3] the court finds this objection to be insufficiently specific and shall not consider it.

---

[2] Page 278 of the transcript is the second page of a report by Dr. Karo, who conducted a "recheck examination" of plaintiff on May 6, 2004, following her brain surgery the previous December. Dr. Karo noted plaintiff's various medical conditions and made certain recommendations, none of which appear to be inconsistent with the ALJ's assessment of plaintiff's physical abilities. Page 406 of the transcript is a note by plaintiff, indicating the dates of her "focal seizures" in 2007 and the dosages of her anti-seizure medication, all of which information post-dates September 30, 2005, and is included in the record elsewhere. Pages 409-10 of the transcript is a March 13, 2008, letter from Dr. Burnham, which was considered by the Appeals Council, *see* Tr. 45, and is therefore part of the record. While Dr. Burnham states that she "fully support[s] Mrs. Bitonti's seeking of medical disability and inability to work in any capacity given both her physical and cognitive limitations," she also indicates that plaintiff's cognitive impairment is "mild" and that "[h]er seizures have been under better control" with medication (Tr. 409), which comports with the ALJ's findings.

[3] To the extent the reference to "treat physician opinions" is meant to refer to the transcript pages cited in plaintiff's first objection, the objection is overruled for the reasons explained above.

Plaintiff's third objection is that the R&R "upheld the Administration's improper finding that Ms. Bitonti did not have employment[-]precluding cognitive limitations from the residual effects of the brain surgery and the uncontested side effects from anti-seizure medications." Pl.'s Obj. at 2.  There is no error in the ALJ's finding that plaintiff's cognitive limitations and the side-effects of her medications are not so severe as to prevent her from doing the limited range of unskilled, sedentary work identified by the vocational expert.  Dr. Frankowski indicated in 2004 that plaintiff had no side-effects from her medications (Tr. 283), that her mental status examination was normal (Tr. 289, 293), that her memory was intact and her attention span, concentration, comprehension and cognition were normal (Tr. 297, 298).  Plaintiff did testify to experiencing some difficulties with concentrating, expressing herself, and "focusing," and the ALJ accommodated these limitations by including in her hypothetical question to the vocational expert the ability to perform only "simple repetitive tasks" (Tr. 456).  Plaintiff has not pointed to any medical evidence that would have required the ALJ to further restrict the hypothetical question.

Plaintiff's fourth and final objection is that the R&R

> improperly upheld the Administrations legally incorrect finding that Step Five of the Analysis was satisfied given the legally insufficient hypothetical given the non-contradicted cognitive impairments found by the treating physicians (10, 409) and not incorporated into the Hypothetical utilized by the [ALJ].  That discounted the treating physicians and failed to address the medically complicated condition of the plaintiff which included a brain injury post surgery, foot drop, cognitive deficiencies medically documented but untreated depression, obesity and degenerative joint disease of the spine.

Pl.'s Obj. at 2-3.  The first sentence of this objection is essentially the same as plaintiff's third objection and it is overruled for the reasons indicated above.  The referenced pages do not change the analysis.  As note above, page 10 of the transcript (Dr. Barker's May 13, 2008, letter) is not part

of the record and post-dates the expiration of plaintiff's insured status by two and one-half years. Page 409 of the transcript (the first page of Dr. Burnham's March 13, 2008, letter) characterizes plaintiff's cognitive impairment as "mild" and also significantly post-dates the expiration of plaintiff's insured status.

The second sentence of this objection is likewise overruled to the extent it suggests the ALJ failed to consider plaintiff's "cognitive deficiencies." The objection is also overruled to the extent it suggests the ALJ failed to consider plaintiff's "brain injury post surgery," as this is the condition that has caused plaintiff's seizures and cognitive deficiencies, both of which were fully considered by the ALJ and neither of which precludes simple, sedentary, unskilled work. Plaintiff's "foot drop" condition, which causes her difficulties with balance, was considered by the ALJ and was accommodated in her hypothetical question by eliminating jobs requiring the use of right foot controls and specifying sedentary work with a sit-stand option. The remaining conditions have not previously been raised as allegedly disabling impairments, and plaintiff makes no citation to the record suggesting otherwise.

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Majzoub's R&R is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that plaintiff's objections are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                    S/Bernard A. Friedman_____
                    BERNARD A. FRIEDMAN
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 18, 2009
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager